# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5662 | **DATE** | 11/8/2012 |
| **CASE TITLE** | OpinionLab, Inc. vs. iPerceptions, Inc., *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' Motions to Dismiss are denied. Status hearing set for 12/12/2012 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

The Seventh Circuit has quoted with approval, *Wright and Miller's* Statement with respect to Federal Rule 8:

> all that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity. . . . [T]his portion of Rule 8 indicates that a basic objective of the rules is to avoid civil cases turning on technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the pleader's claim and a general indication of the type of litigation that is involved. . . .

5, Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1215 at 165-173 (3d Ed. 2004) quoted in *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7thCir. 2010).

In this case Plaintiff has brought a patent infringement action alleging that Defendants have both directly and indirectly infringed a plethora of patents obtained to protect its online user feedback and web page analytical solutions system. In addition to infringement, the Complaint also alleges breach of a mutual Non-Disclosure Agreement that Defendant, iPerceptions, entered into with Plaintiff in order to allow Plaintiff to disclose certain of its confidential and proprietary information with regard to a proposed business deal that did not pan out. The Complaint charges that iPerceptions, in violation of the NDA, used certain of the confidential and proprietary information in bringing a competing product to market to its commercial disadvantage. These latter facts also involve the Co-Defendant, Vonage. Plaintiff contends that, Vonage, one of its customers, was induced to switch its business to Defendant by undercutting its product price which was made possible by infringing Plaintiff's patents and stealing its confidential and proprietary information. It contends that this amounts to claims for violation of the Illinois Trade Secrets Act and a claim of tortious interference with prospective economic advantage under Illinois common law.

**STATEMENT**

Defendants have moved to dismiss based on *Ashcroft v. Iqbal*, 129 S.Ct. 1397 (2009) and *Bell Atlantic Corp. v.. Twombly*, 127 S.Ct. 1955 (2007). They contend that the Complaint fails to allege any facts that iPerceptions improperly used Plaintiff's alleged confidential and proprietary information for any purpose. They contend that Plaintiff relies solely on "formulaic" recitations of the elements of each of its claim without providing factual context.

However, the Court believes that the Defendants' objections are hypertechnical. A fair reading of the Complaint provides the minimum necessary to understand Plaintiff's Complaint which is the minimum requirement of notice pleading. At minimum, the Complaint can be read to charge that Defendant obtained Plaintiff's confidential information concerning its customer names, and its product pricing in violation of the mutual non-disclosure agreement and the Illinois Trade Secrets Act, which allowed Defendant iPerceptions to contact it's customer, Vonage, and obtain its business by undercutting Plaintiff's price. While Plaintiff did not specifically plead the precise information allegedly stolen, such information can be learned during the course of the discovery through contention interrogatories, motions for a more diffident statement, or the myriad of other discovery procedures. It is enough to say that Plaintiff's claim satisfies the plausability requirement.

Plaintiff charges Vonage with contributory infringement of its patents. "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has non- substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.' 35 U.S.C. § 271(c)." *In re Bill of Lading*, 681 F.3d 1323, 1337 (Fed Cir. 2012). Vonage (and iPerceptions) claim that the Complaint fails to allege facts demonstrating that the patented materials have no substantial non-infringing uses, citing *In re Bill of Lading*. However, the Federal Circuit decided that case based on the fact that the plaintiff pled a series of facts which on the face of the complaint clearly demonstrated that there were substantial non-infringing uses. Here, while the Complaint merely alleges that there are no non-infringing uses, there are no facts pled that show that there are substantial non-infringing uses. It is extremely difficult and unnecessary to plead facts that clearly demonstrate negativity. Certainly Rule 8 does not require this degree of specificity.

The second issue raised by Vonage in its Motion to Dismiss is its claim that the Complaint does not state that it was aware of the patents prior to filing the lawsuit. However, the Complaint states that with regard to each of Plaintiff's patents, based on information and belief, Defendants, including Vonage, "knew that their and/or their customers act of providing the iPerceptions online comment cards to web page end-users constituted infringement of the [specific] patent." If Vonage "knew" it was infringing a specific patent it follows that it must be aware of the existence of that patent. Again Plaintiff must prove knowledge but at this stage the Complaint adequately puts Vonage on notice of the claims of Plaintiff.

Accordingly, the Defendants' Motions to Dismiss are denied.